UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KEITH,

    PETITIONER,

v.

LORI GIDLEY,

    RESPONDENT.

Case No. 16-10057
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING
PETITION FOR A WRIT OF HABEAS CORPUS [1]**

John Keith dated Devvon Almond. Early one morning, Almond woke to find Keith sexually assaulting her seven-year-old daughter. Keith eventually pled guilty to one count of second-degree criminal sexual conduct. This offense does not require the state to prove, beyond a reasonable doubt, an act of sexual penetration. Yet at Keith's sentencing, the trial judge found, by a preponderance of the evidence, that Keith committed an act of sexual penetration. So the trial judge enhanced Keith's sentence. And as Keith was also eligible for an enhancement as a habitual offender, Keith received 90 months to 22 ½ years in prison.

Keith appealed. He advanced a single claim: because a preponderance of the evidence did not establish an act of sexual penetration, the trial judge abused its discretion in enhancing Keith's sentence. Keith lost.

Then he filed this petition for a writ of habeas corpus. Now he argues both sentence enhancements violate federal law. As Keith cannot establish any constitutional violations, the Court will deny his petition.

**I.**

On December 28, John Keith visited his girlfriend, Devvon Almond. (R. 8, PID 92.) Keith spent the evening with Almond and her two daughters. (*Id.* at 93.) As bedtime drew near, the girls wanted to catch Santa Claus, so Keith helped the girls bring their beds into the home's front room. (*Id.* at 95–96.) Once the girls settled down to sleep, Keith retired to Almond's bedroom. (*Id.* at 96.)

Around 3:00am, Almond woke to find Keith gone. (*Id.* at 97.) As Keith routinely left early, Almond was unsurprised. (*Id.*) She got up to lock the front door (because Keith did not yet have a key) and on her way, saw Keith in the front room. (*Id.* at 98–99.)

Wearing only his boxer shorts, Keith was on his knees, stooped behind Almond's seven-year-old daughter. (*Id.*) Almond's daughter's pajamas were pulled down. (*Id.*) As Almond's daughter lay in the fetal position, Almond watched Keith thrust his penis in a "back and forth motion" against her daughter's backside. (*Id.* at 101.)

Almond screamed. (*Id.* at 102.) Keith got up and said he did it as payback because Almond filed a sexual assault complaint against Keith's son (after Keith's son allegedly assaulted Almond's other daughter). (*Id.* at 104.) Keith gathered his clothes and left; Almond called the police. (*Id.* at 105.)

When the police arrived, they initially spoke with Almond. (*Id.* at 111.) She told them what she witnessed and the police accompanied Almond's daughter to a CARE House facility where they interviewed her about the incident. (*Id.*) Almond's daughter offered a graphic description of the assault and a medical exam noted redness around her vagina and tearing to her rectum. *See People v. Keith*, No. 315169, 2014 Mich. App. LEXIS 1063, at *3 (Mich. Ct. App. June 10, 2014).

The state charged Keith with second-degree criminal sexual conduct. Understanding the charging decision in this case is key to understanding Keith's habeas corpus claims. *First-degree*

2

criminal sexual conduct requires the state prove an act of sexual penetration with a person "under 13 years of age." Mich. Comp. Laws §750.520b(1)(a). The offense is punishable by any term of years up to life. Mich. Comp. Laws § 750.520b(2)(a). *Second-degree* criminal sexual conduct requires the state prove "sexual contact" with a person "under 13 years of age." Mich. Comp. Laws § 750.520c(1)(a). The offense is punishable by at most 15 years in prison. Mich. Comp. Laws § 750.520c(2)(a).

Keith pled guilty to second degree criminal sexual conduct. (*Id.* at 125.) He admitted to engaging in "sexual contact" with a person under 13. (*Id.* at 127.) But the plea did not come with any sentencing agreement. (*Id.* at 125.)

In between his plea and his sentencing, two important things occurred. First, police officers gave Keith a polygraph. (*Id.* at 133.) And during the polygraph, Keith admitted to an act of sexual penetration with Almond's daughter. (*Id.*) Thus, officers amended Keith's presentence investigation report to include the admission. (*Id.* at 133.)

The admission had consequences for Keith. Though the admission did not lead to a new charge, it did trigger a potential sentence enhancement under one of the sentencing guidelines' Offense Variables. *See* Mich. Comp. Laws § 777.41(1)(b). The Offense Variable inflated Keith's guideline range from 19–47 months to 44–107 months.[1] (*Id.* at 142–43, 156.)

Yet at sentencing, Keith walked his admission back, insisting he never penetrated Almond's daughter. (R. 8, PID 141.) But the trial court found, by a preponderance of the evidence, that Keith committed an act of penetration. (*Id.* at 143.) So the judge applied the Offense Variable to increase Keith's minimum sentence. (*Id.*) And because the trial judge then found Keith to be a

---

[1] At the time of Keith's sentencing, trial courts had to rely on the guidelines to determine a minimum sentence. *See* Mich. Comp. Laws § 769.34(2). And the guidelines applied to Keith's conviction. *See* Mich. Comp. Laws § 771.16y.

3

second habitual offender, a state statute required the trial judge to enhance Keith's (15 year) maximum sentence, too, *see* Mich. Comp. Laws § 769.10(a). (*Id.* at 163.) In the end, Keith received 90 months to 22 ½ years.

Keith appealed. On direct review he raised a single, state-law challenge to his sentence. (*Id.* at 152.) Keith argued the trial court abused its discretion in finding the facts necessary to apply an Offense Variable. (*Id.*) But the Michigan Court of Appeals disagreed, *see Keith*, 2014 Mich. App. LEXIS 1063 at *3–4, and the Michigan Supreme Court denied Keith's application for leave to appeal, *see People v. Keith*, 857 N.W.2d 43 (Mich. 2014).

Keith then filed this petition for a writ of habeas corpus. (R. 1.) Now he argues that both enhancements to his sentence violate due process as well as the Sixth Amendment. (*Id.* at 25–29.) Keith says these issues were never presented to the state courts due to his appellate counsel's ineffective assistance. (*Id.* at 15.)

## II.

The Anti-Terrorism and Effective Death Penalty Act instructs federal courts to give state courts "the benefit of the doubt." *Stewart v. Trierweiler*, 867 F.3d 633, 636 (6th Cir. 2017). In practice, giving state courts the benefit of the doubt requires Keith to have "fairly present[ed]" his claims to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1). A fair presentation means Keith gave the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process . . . ." *O'Sullivan*, 526 U.S. at 845.

If Keith has fairly presented his claims to the state courts, then according to AEDPA, a federal court must defer to a state court's decision "on the merits" unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). But "[w]hen a state court does not address a claim on the merits, . . . 'AEDPA deference' does not apply and [this Court] will review the claim *de novo*." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

### III.

The Court begins with an analysis of the proper standard of review. Keith's petition raises three claims. But he never presented any of the three to the state courts. So Keith has not exhausted them. *See O'Sullivan*, 526 U.S. at 845. Usually, failing to exhaust habeas corpus claims leads to a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). But because Keith still has the right to file a post-conviction motion with the state courts, *see* Mich. Ct. R. 6.502, Keith's failure to exhaust is not complete, *see* 28 U.S.C. § 2254(c), so Keith has not yet defaulted. *Coleman*, 501 U.S. at 735 n.1. In any event, the Warden explicitly says it is not raising exhaustion as a defense to Keith's petition. (R. 7, PID 53.) So the state has manifested an "intentional . . . abandonment of a known right," *D'Ambrosio v. Bagley*, 527 F.3d 489, 495 (6th Cir. 2008), thus waiving the exhaustion requirement, *see* 28 U.S.C. § 2254(b)(3), as they are free to do. *Harris v. Lafler*, 553 F.3d 1028, 1032 (6th Cir. 2009). And as Keith did not present his claims to the state courts, there is no state court decision addressing the merits of his claims. That leaves this Court to review Keith's petition *de novo*.[2]

---

[2] The Warden insists that Keith presented this claim to the Michigan Court of Appeals, which rejected it on the merits, so AEDPA deference should apply. (R. 7, PID 66–68.) But on direct appeal, Keith's appellate brief never mentioned due process and never cited to any federal case law. (*See* R. 8, PID 152–53.) So the Court sees no factual basis in the record to support any argument that Keith raised a federal claim on direct appeal.

But even after taking a fresh look at his petition, Keith is not entitled to habeas corpus relief. All of his claims challenge the trial judge's application of two sentencing enhancements. Keith raises a due-process claim, and two Sixth Amendment claims relying on *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), respectively. None have merit. The Court will take them in turn.

**A.**

Keith says the trial court violated due process when it found, by a preponderance of the evidence, that Keith committed an act of penetration. (R. 1, PID 25.) Keith cites *Jackson v. Virginia*, 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970). He argues "there was no evidence in the Presentence Investigation Report to establish that any penetration occurred" so the application of the Offense Variable sentence enhancement violated his due process rights. (*Id.* at 26–27.) [3]

Keith correctly points out that a "fair sentencing procedure" is a component of his due process rights. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990). And "[a] sentencing is lacking in due process when it is based on a foundation that is 'extensively and materially false, which [Keith] had no opportunity to correct by the services which counsel would provide.'" *Kirk v. Klee*, 14-10827, 2014 U.S. Dist. LEXIS 171344, *19 (E.D. Mich. Dec. 11, 2014) (quoting *Townsend v. Burke*, 334 U.S. 736, 741 (1948)).

Keith's sentence did not violate due process. Ample evidence provided to the judge (especially in the presentence report) supported his finding. A medical examination of Almond's

---

[3] To the extent Keith says his sentence enhancements violated state law, his claims are not cognizable on habeas corpus review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

daughter found redness around the vagina, tearing to her rectum, and the presence of seminal fluid. (R. 8, PID 138–39.) Keith pled guilty to a contact offense that did not rule out penetration, and, during the polygraph, Keith admitted to penetrating Almond's daughter. (*Id.* at 143.) Moreover, Keith's counsel had an opportunity to rebut the information in the presentence report (R. 8, PID 133, 136–38), and Keith had an opportunity to take back his admission of penetration (*Id.* at 141). In the end, then, Keith cannot establish that his sentencing violated due process. As a result, Keith is not entitled to habeas corpus relief on his due process claim.

**B.**

Keith next argues that the trial judge improperly found facts that increased his mandatory minimum sentence. (R. 1, PID 28–29.) As only a jury may find facts that increase a defendant's mandatory minimum sentence, *see Alleyne v. United States*, 570 U.S. 99 (2013), Keith argues his sentence violates the Sixth Amendment. (R. 1, PID 29.)

For two reasons, this Court is unable to grant habeas corpus relief on Keith's *Alleyne* claim. For one, Keith pled guilty to second-degree criminal sexual conduct, which does not set a mandatory minimum sentence. *See* Mich. Comp. Laws § 750.520c(2)(a). The Sixth Circuit holds that "*Alleyne* dealt only with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). And even though the Michigan Supreme Court applied *Alleyne* to invalidate the state's mandatory sentencing guideline scheme, *see People v. Lockridge* 870 N.W.2d 502, 506 (2015), *Lockridge* "limited its retroactive effect to cases pending on direct review." *Id*. at 523. As the Michigan Supreme Court denied Keith's application for leave to appeal in 2014, *See Keith*, 857 N.W.2d at 43, his direct review ended before *Lockridge* came down. Thus, the Court is unable to grant relief on Keith's *Alleyne* claim.

7

## C.

Finally, Keith argues the habitual offender sentencing enhancement violated the Sixth Amendment. (R. 1, PID 29.) Keith pled guilty to a crime with a statutory maximum of 15 years in prison. *See* Mich. Comp. Laws § 750.520c(2)(a). Yet because the judge sentenced Keith as a second habitual offender, Keith received a sentence of 90 months to 22 ½ years in prison. (R. 8, PID 163.) As the judge found a fact—Keith's prior conviction—that increased the sentence beyond the statutory maximum, Keith argues his sentence runs afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Keith is correct to note that *Apprendi* precludes a judge from finding facts that enhance a criminal sentence beyond the statutory maximum. *See Apprendi*, 530 U.S. at 490. But *Apprendi* does not bar a judge from increasing the maximum sentence based on the fact of a prior conviction. *Id.* ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). In Keith's case, the trial court applied Michigan's second-habitual-offender statute to increase Keith's maximum sentence. *See* Mich. Comp. Laws § 769.10(a). And a judge does not violate the constitution by enhancing a criminal sentence beyond the statutory maximum based solely on the fact of a prior conviction. *See Apprendi*, 530 U.S. at 490. So Keith is not entitled to habeas corpus relief on his *Apprendi* claim.

## IV.

In sum, the Court DENIES Keith's petition for a writ of habeas corpus. Even on *de novo* review, Keith cannot establish that he is confined in violation of the constitution. And as the Court does not believe jurists of reason would debate the Court's decision, the Court DENIES Keith a

certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

SO ORDERED.

                                                                                 s/Laurie J. Michelson  
                                                                                 LAURIE J. MICHELSON  
Dated: April 13, 2018                           U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 13, 2018.

                                                                                 s/Keisha Jackson  
                                                                                 Case Manager